IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| Rosa Castillo, § | |
| § | |
| *Plaintiff* § | |
| § | |
| v. § | No. EP-23-CV-00309-DB |
| § | |
| Walmart, Inc. § | |
| § | |
| *Defendant* § | |

## Plaintiff's First Amended Complaint

Plaintiff Rosa Castillo ("Plaintiff") complains of Defendants Walmart, Inc. and Wal-Mart Stores Texas, LLC ("Defendant") and would respectfully show the Court that:

### I.   Discovery Control Plan

1.1   Plaintiff intends to conduct discovery in this matter under Level 3 of the Texas Rules of Civil Procedure.

### II.   Jurisdiction and Venue

2.1   The court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court. Venue is proper in El Paso County, Texas, because the cause of action accrued in whole or in part in El Paso County.

### III.   Statement Regarding Monetary Relief Sought

3.1   Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief of more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and judgment for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this Rule 47 statement of relief if necessary.

## IV.    Parties

4.1    Plaintiff Rosa Castillo is an individual who resides in El Paso County, Texas.

4.2    Defendant Wal-Mart Stores, Texas LLC. is a Delaware company doing business in Texas. Defendant may be served with process through its registered agent: C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## V.    Facts

5.1    The events giving rise to this cause of action occurred on or about December 2, 2021. Plaintiff Rosa Castillo was an invitee at Defendant's store (Walmart Supercenter #5717) located at 7831 Paseo Del Norte Boulevard, El Paso, Texas 79912 ("the subject store"). This was the subject store at which Plaintiff was shopping at the time of the incident. Defendant owned and maintained the subject premises. As Plaintiff was shopping inside the subject store, Plaintiff slipped on liquid located on one of the store aisles. The aisle floor was not slip resistant, nor did Defendant adequately maintain the aisle. Plaintiff's feet slipped out from under her and she was unable to maintain her balance, fell to the floor on her face and stomach, and suffered serious bodily injuries.

5.2    Defendant is liable to Plaintiff under the theory of premises liability and negligence, including, but not limited to, the following:

    a.    Negligently allowing the premises to become dangerous;

    b.    Negligently permitting the dangerous conditions to exist;

    c.    Failing to keep the store floor in a reasonably safe condition by keeping the floor free of slippery conditions, substances, and/or liquids;

    d.    Failing to inspect the premises to discover the existence of slippery conditions, substances, and/or liquids on the floor;

    e.    Failing to correct the condition by taking reasonable measures to safeguard customers;

    f.    Failing to give adequate warning of the existence of the dangerous condition, despite the fact that the Defendant, its agents, servants, and/or its employees knew, or in the exercise of ordinary care, should have known of the existence of the dangerous conditions and the potential for injury; and

    g.    Other acts and omissions constituting negligence.

5.3    Plaintiff will show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises with control over the premises, owed Plaintiff a duty to warn and make safe the defective condition existing on Defendant's premises. Furthermore, Plaintiff was an invitee at the time of injury. Defendant owed a duty to exercise ordinary care to keep the premises in a reasonably safe condition, inspect the premises to discover latent defects, and to make safe any defects or give an adequate warning of any dangers.

5.4    As a result, Defendant's negligent acts and/or omissions, whether taken singularly, or in any combination, were a proximate cause of Plaintiff's injuries and damages

## VI.    Damages

6.1    As a direct and proximate result of the above-described actions of Defendant, Plaintiff would show that she has suffered actual damages within the jurisdictional limits of this Court. The maximum damages Plaintiff seeks at this time are more than $1,000,000.00 but less than $10,000,000.00. The elements of Plaintiff's damages are as follows:

    a.  Physical pain and mental anguish in the past and future;

    b. Loss of earning capacity in the past and the future;

    c. Loss of wages and earnings in the past and the future;

    d. Disfigurement in the past and the future;

    e. Physical impairment in the past and the future;

    f. Medical care in the past and the future; and

    g. All other damages allowed by law and equity.

## VII.    Jury Demand

7.1    Plaintiff hereby demands a trial by jury.

## VIII.    Rule 193.7 Notice

8.1    Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## IX.    Designated E-Service E-Mail Address

9.1    The following is the undersigned attorney's designated e-service email address for all e-served documents and notices, filed and unfiled: eservice@thehuynhlawfirm.com. This is the undersigned's only e-service email address, and service through any other email address will be considered invalid.

## X.    Required Disclosures

10.1    Pursuant to Texas Rules of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information or material described in Rule 194.2(b)1-12. Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## XI. Prayer

For these reasons, Plaintiff prays this cause be set for trial before a jury, that she recover judgment of and from the Defendant for the actual damages in such amount as the evidence may show, and the jury may determine to be proper, together with pre-judgment interest, post-judgment interest, costs of court, and such other and further relief to which she may show herself to be justly entitled

Respectfully submitted,

**THE HUYNH LAW FIRM, PLLC**

*/s/ Michael Alvarez*
MICHAEL ALVAREZ
SBN: 24068754
malvarez@thehuynhlawfirm.com
1742 Zaragoza, Suite A
El Paso, Texas 79936
Tel.: (915) 223-4878
Fax: (915) 218-5332
E-Service E-mail: eservice@thehuynhlawfirm.com

**ATTORNEYS FOR PLAINTIFF**

### Certificate of Service

I hereby certify that on December 4, 2023, a copy of Plaintiff's First Amended Complaint was served on all attorneys of record.

*/s/ Michael Alvarez*
Michael Alvarez